UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAMS FARMS PARTNERSHIP,

          Plaintiff,

vs.                              Case No.  2:06-cv-519-FtM-29DNF

AMERICAN CITRUS PRODUCTS CORP, EAST
CHARLOTTE DRAINAGE DISTRICT,

          Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendant East Charlotte Drainage District's Motion to Dismiss Complaint (Doc. #22), filed on February 5, 2007. Plaintiff filed a Memorandum of Law and Response (Doc. #24) on February 12, 2007.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A.,

534 U.S. 506, 512 (2002)(citing FED. R. CIV. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (May 21, 2007)(citations omitted); Erickson v. Pardus, 127 S. Ct at 2200; Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id. Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

Plaintiff Williams Farm Partnership (plaintiff or Williams Farm) filed a six-count Complaint (Doc. #1) against American Citrus Products Corporation (American Citrus) and East Charlotte Drainage District (ECDD), a political subdivision within Charlotte County,

Florida.  Federal jurisdiction is premised on diversity of citizenship.

The Complaint alleges that on September 22, 1993, plaintiff's predecessor Ben Hill Griffin, Inc. granted ECDD an easement on a strip of land 25 feet wide being used as a drainage ditch.  The easement contains the following pertinent language:

> Grantor does give and grant to Grantee a non exclusive easement for the use and benefit of Grantee and of landowners within the boundaries of the East Charlotte Drainage District for purposes of maintenance, together with the rights of ingress and egress, of an existing drainage ditch over the easement area described herein.
> . . .

Defendants did not maintain this drainage ditch, and in the Fall of 2005, heavy rains occurred.  As a result of the debris in the uncleared ditch, plaintiff's land flooded "for a significant period of time" (Id. at ¶ 58) and plaintiff's crops were damaged by causing the roots to atrophy and rot.  Additionally, the standing water created an anaerobic condition in the soil which otherwise effected healthy roots causing them to be unable to obtain nutrients necessary for survival.

Plaintiff seeks damages for negligence, nuisance, trespass (Counts I through III) and an injunction (Count IV) as to American Citrus.  Plaintiff further seeks damages and/or injunctive relief for breach of an express easement and inverse condemnation (Counts VI and VII) as to ECDD.[1]

---

[1] The Complaint does not contain a Count V.

### III.

Defendant ECDD seeks dismissal of Count VI, arguing that the easement is non-exclusive and therefore does not confer an obligation that the ECDD maintain the ditch. An easement is an interest giving someone other than the owner a right to use the land for a specific purpose. American Quick Sign, Inc. v. Reinhardt, 899 So. 2d 461, 464 (Fla. 5th DCA 2005). Here, the specific purpose was maintenance of the drainage ditch. Plaintiff's predecessor gave ECDD a non exclusive easement for the use and benefit of the ECDD and of landowners within the boundaries of the ECDD "for purposes of maintenance, together with the rights of ingress and egress," in an existing drainage ditch. This is sufficient to state a cause of action under the motion to dismiss standards discussed above.

### IV.

ECDD argues that Count VII must be dismissed because as a matter of law flooding as a result of heavy rains does not constitute a taking. For flooding to support a claim of inverse condemnation, the flooding must be an actual, permanent invasion of the land, amounting to an appropriation of the property, not just an injury to the property. South Fla. Water Mgmt. Dist. v. Basore of Fla., Inc., 723 So. 2d 287, 288 (Fla. 4th DCA 1998)(collecting cases). Plaintiff attempts to differentiate this case from Basore because the land itself, and not just the crops, was also injured.

-5-

As the cases cited in <u>Basore</u> state, mere injury to the land not amounting to an appropriation of the land is insufficient. Therefore, the motion will be granted as to Count VII.

Accordingly, it is now

**ORDERED**:

Defendant East Charlotte Drainage District's Motion to Dismiss Complaint (Doc. #22) is **GRANTED** as to Count VII and **DENIED** as to Count VI.

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of June, 2007.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record