UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAMS FARMS PARTNERSHIP,

               Plaintiff,

vs.                        Case No.  2:06-cv-519-FtM-29DNF

AMERICAN CITRUS PRODUCTS CORP. and
EAST CHARLOTTE DRAINAGE DISTRICT,

               Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on cross motions for summary judgment by all parties.  (Docs. ## 56, 70, 73.) Responses, Replies, and a Supplemental Notice have been filed. (Docs. ## 70, 72, 79, 88, 89, 106.)

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if it may affect the outcome of the suit under governing law.  Id.

The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the

absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Hickson Corp. v. Northern Crossarm Co.</u>, 357 F.3d 1256, 1259-60 (11th Cir. 2004). To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. at 322; <u>Hilburn v. Murata Elecs. N. Am., Inc.</u>, 181 F.3d 1220, 1225 (11th Cir. 1999).

In ruling on a motion for summary judgment, the Court is required to consider the evidence in the light most favorable to the nonmoving party. <u>Johnson v. Booker T. Washington Broad. Serv.</u>, 234 F.3d 501, 507 (11th Cir. 2000); <u>Jaques v. Kendrick</u>, 43 F.3d 628, 630 (11th Cir. 1995). If there is a conflict in the evidence the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. <u>Shotz v. City of Plantation</u>, 344 F.3d 1161, 1164 (11th Cir. 2003). The Court does not, however, weigh conflicting evidence or make credibility determinations. <u>Hilburn</u>, 181 F.3d at 1225. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." <u>Tullius v. Albright</u>, 240 F.3d 1317, 1320 (11th Cir. 2001) (citing <u>Clemons v.</u>

Dougherty County, 684 F.2d 1365, 1369 (11th Cir. 1982)). Conclusory allegations based on subjective beliefs, however, are insufficient to create a genuine issue of material fact. Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000).

## II.

On June 1, 1965, the Florida Legislature created the East Charlotte Drainage District ("East Charlotte") as a water management district. As such, East Charlotte is a political subdivision of the State of Florida whose duties include flood control and water management within the geographical confines of the drainage district. See FLA. STAT. § 298.001 et seq.

In 1993, Charlotte County, Florida, agreed to pave Neal Road, an unimproved county dirt road, on the condition that the surrounding property owners made arrangements to appropriately drain the road so that Charlotte County would not have to construct drainage structures. On September 22, 1993, Ben Hill Griffin, Inc. granted East Charlotte a non-exclusive easement to a 25-foot strip of its land running north to south along the western boundary of the property now at issue. This easement was "for the use and benefit of Grantee [East Charlotte] and of landowners within the Boundaries of East Charlotte Drainage District for the purposes of maintenance, together with the rights of ingress and egress of an existing drainage ditch over the easement area . . . ." The parties refer to this ditch as the "North-South Ditch."

In 1993, Neal Road was paved and the North-South Ditch was expanded. The North-South Ditch drains into a larger ditch running east to west along an extension of Neal Road (the "East-West" Ditch). In 1996, East Charlotte expanded and cleaned out the North-South Ditch to help improve water flow, assessing each of the affected property owners for the costs on a pro-rata formula based, in large part, on acreage and use of Neal Road. American Citrus Products, one of the Neal Road property owners, consistently cleaned out and maintained the North-South Ditch from 1996 through 2004, and then again from 2006 to the present.

In 2003, plaintiff Williams Farm Partnership ("Williams Farm") purchased acreage from Ben Hill Griffin, Inc. to the north and south of Neal Road, including property containing the North-South Ditch, for purposes of farming vegetable and fruit crops.

During the Summer and Fall of 2005, American Citrus cleared only the East-West Ditch, but did not maintain the North-South Ditch. Plaintiff claims that this resulted in the accumulation of excessive debris and trash in the North-South Ditch. In the Fall of 2005, Hurricane Wilma brought heavy rains to the area. Plaintiff claims that excess surface water from American Citrus' property funneled down the East-West Ditch into the opening of the North-South Ditch, where it then became backed up due to the debris-congested state of the North-South Ditch. As a result, portions of plaintiff's property became flooded and, plaintiff claims, its crops were damaged or destroyed by the floodwaters.

-4-

Plaintiff Williams Farm filed a six-count Complaint (Doc. #1) against defendants American Citrus Products and the East Charlotte Drainage District.  The individual counts are discussed below.

**III.**

In Count VI, plaintiff alleges that East Charlotte breached the express easement[1] by not maintaining the North-South Ditch. Defendant East Charlotte seeks summary judgment because the unambiguous language of the easement does not <u>require</u> it to maintain the North-South Ditch. Rather, East Charlotte argues, the easement merely grants it the right to maintain the North-South Ditch, as well as the accompanying rights of ingress and egress, should it choose to do so.  Plaintiff also seeks summary judgment on the same issue, but asserts that as a matter of law East Charlotte was obligated under the easement to maintain the North-South Ditch.

An easement does not convey title to land, but rather "is an interest that gives to one other than the owner a right to use the land for some specific purpose." <u>Am. Quick Sign, Inc. v. Reinhardt</u>, 899 So. 2d 461, 464 (Fla. 5th DCA 2005).  As an interest in land, one way in which an easement may be created is by express grant contained in a written document. <u>Id.</u>, 899 So. 2d at 464.

---

[1]Plaintiff previously indicated that the use of the word "Warranty" in the title of the count rather than "Easement" was a typographical error, and that plaintiff intends that the count allege breach of an express easement by East Charlotte. (<u>See</u> Doc. #24, p. 2.)

"Where a determination of liability depends upon a written instrument and its legal effect, the question is essentially one of law and is ordinarily determinable by the entry of summary judgment." Acquisition Corp. of America v. Markborough Properties, Ltd., 568 So. 2d 1350, 1351 (Fla. 4th DCA 1990) (finding that a Declaration's obligation to maintain an easement was merely permissible and not mandatory).

A written easement is construed in the same manner as a contract. Am. Quick Sign, 899 So. 2d at 465. Thus, "if the language is clear, concise, and unambiguous, [the court] must give effect to the terms as stated without resort to other rules of construction to ascertain their meaning." Id., 899 So. 2d at 465. In other words, "an easement, like any other contract, when unambiguous, is to be construed in accordance with its plain meaning." City of Orlando v. MSD-Mattie, L.L.C., 895 So. 2d 1127, 1129 (Fla. 5th DCA 2005).

The Court finds that the easement in this case is clear, concise, and unambiguous. It provides East Charlotte with the nonexclusive[2] right of ingress and egress to the existing North-South Ditch and the right to maintain it. It does not require that East Charlotte maintain the ditch. East Charlotte is therefore correct in its contention that "the language of the easement

---

[2]"A nonexclusive easement entitles the owners of the servient parcel to use their land in any manner provided that the use does not interfere with the rights of those to whom the easement was granted." Am. Quick Sign, 899 So. 2d at 463-64 n.2.

contains only one plausible interpretation . . . the easement created a right, not an obligation on East Charlotte, to maintain the [North-South Ditch]." (Doc. #72, pp. 6-7.)

This does not end the matter, however. Under Florida law, the burden of maintenance and repair of an easement falls on the dominant owner (the owner of the easement) rather than the servient owner (the owner of the underlying land) unless (1) there is an express agreement to the contrary, or (2) evidence establishes that the servient owner affirmatively and voluntarily otherwise assumed responsibility for maintaining the easement. Collom v. Holton, 449 So. 2d 1003, 1005 n.1 (Fla. 2d DCA 1984); Zipkin v. Rubin Const. Co., 418 So. 2d 1040 n.5 (Fla. 4th DCA 1982); Morrill v. Recreational Development, Inc., 414 So. 2d 590 (Fla. 1st DCA 1982); Sebastian River Drainage Dist. v. Ansin, 29 Fla. Supp. 77 (Fla. 19th Cir. Ct. 1967), aff'd, 223 So. 2d 57 (Fla. 4th DCA 1969). In this case, the easement does not provide an express agreement to the contrary. There is some evidence, however, that Williams Farm's predecessor in title may have affirmatively and voluntarily otherwise assumed responsibility for maintaining the easement. Ben Hill Griffin, III filed an Affidavit stating in part, "I did not want to forgo my rights to use or maintain the drainage ditch, nor the rights of subsequent landowners to do so, as well . . . . It was never my intention to make cleaning the drainage ditch an obligation of [East Charlotte], only that [East Charlotte] would have the right to maintain the ditch along with the other

-7-

landowners." (Doc. #60, ¶¶ 7-8.) This, coupled with the fact that Ben Hill Griffin, Inc. cleaned the ditch at least once, is sufficient to create a jury issue and defeat the summary judgment sought by both defendant East Charlotte and plaintiff Williams Farm.

**IV.**

**A. Count I, Negligence:**

In Count I, plaintiff claims that American Citrus was negligent by failing to maintain the North-South Ditch in the Summer and Fall of 2005. American Citrus seeks summary judgment because it had no legally cognizable duty to maintain the North-South Ditch. (Doc. #73, pp. 3-6.)

The basic elements of a cause of action for negligence are well-established: (1) defendant owed a duty of care; (2) defendant breached that duty of care; (3) the breach of duty both actually and proximately caused plaintiff's injuries; and (4) plaintiff suffered damages as a result of the breach. <u>Williams v. Davis</u>, 974 So. 2d 1052, 1056 (Fla. 2007). While issues of breach, causation and damages are typically questions to be resolved by the finder of fact, the determination of duty is generally a matter of law for the court. <u>See, e.g.</u>, <u>Fla. Dep't of Corr. v. Abril</u>, 969 So. 2d 201, 205 (Fla. 2007); <u>Goldberg v. Fla. Power & Light Co.</u>, 899 So. 2d 1105, 1110 (Fla. 2005). It is also well established that the voluntary undertaking of an act, even when otherwise under no

obligation to do so, creates a duty to act with reasonable care. Clay Elec. Coop., Inc. v. Johnson, 873 So. 2d 1182, 1186 (Fla. 2003); Union Park Mem. Chapel v. Hutt, 670 So. 2d 64, 66-67 (Fla. 1996) (collecting cases).

Here, the issue of whether American Citrus had a duty to maintain the North-South Ditch turns on whether American Citrus' conduct constituted a voluntary undertaking of the obligation to do so. It is undisputed that American Citrus maintained the ditch from 1996 to 2004 and from 2006 to the present. This is sufficient to create a jury question as to whether American Citrus voluntarily undertook to maintain the ditch in 2005, thereby creating a duty to do so with reasonable care. Accordingly, American Citrus is not entitled to summary judgment on plaintiff's negligence claim and defendant's motion will be denied as to Count I.

**B.  Count II, Nuisance, as to American Citrus:**

In Count II, plaintiff alleges that American Citrus diverted surface waters from its land, from their natural course, and cast them upon the land of Williams Farm without its consent, thus causing a nuisance. To establish a cause of action for nuisance, plaintiff must show: (1) that defendant carried out an activity that interfered with plaintiff's use and enjoyment of its property interests; (2) that plaintiff owned or possessed an actual property interest in the real property; (3) that defendant interfered with plaintiff's use and enjoyment of the real property; and (4) that defendant's maintenance of the nuisance was the proximate cause of

-9-

injury to plaintiff.  <u>See</u>, <u>e.g.</u>, <u>Durrance v. Sanders</u>, 329 So. 2d 26 (Fla. 1st DCA 1976).  Resolving Count II depends on the resolution of a number of disputed material facts, which renders summary judgment inappropriate.  Therefore, defendant American Citrus' motion for summary judgment is denied as to Count II.

**C.  Count III, Trespass, as to American Citrus:**

Count III alleges that American Citrus committed trespass by causing the flow of water to flood plaintiff's land.  To establish a cause of action for trespass, plaintiff must establish: (1) ownership or lawful possession of the property; (2) that defendant interfered with plaintiff's exclusive right to possession of the property; and (3) that defendant intended to perform the act that amounts to the invasion of plaintiff's property.  <u>See</u>, <u>e.g.</u>, <u>Okaloosa County Gas Dist. v. Enzor</u>, 101 So. 2d 406, 407 (Fla. 1st DCA 1958).  Again, the Court finds that material disputed factual issues prevent entry of summary judgment.  Therefore, defendant American Citrus' motion for summary judgment is denied as to Count III.

**D.  Count IV, Injunction, against American Citrus:**

Defendant American Citrus initially sought summary judgment on Count IV of the Complaint, which involves plaintiff's request for injunctive relief against American Citrus.  Plaintiff sought to prevent American Citrus from funneling surface waters, from 550 acres located to the east of Williams Farm, into the East-West and

North-South Ditches.   Subsequently, plaintiff filed an Agreed Motion to Bifurcate Issues for Trial (Doc. #95) on behalf of all parties, stating that all parties are in agreement that issues relating to injunctive relief should be bifurcated and tried by the Court separately and prior to a trial for damages.   (Id. at p. 2.) While the Court denied that motion for procedural reasons, it will determine the issue of injunctive relief after presentation of the evidence to the jury.   Thus, the Court finds that summary judgment is inappropriate on the issue of injunctive relief and defendant's motion for summary judgment is denied as to Count IV.

Accordingly, it is now

**ORDERED:**

1.   Defendant East Charlotte Drainage District's Motion for Summary Judgment and Supporting Memorandum of Law (Doc. #56) is **DENIED.**

2.   Plaintiff Williams Farm Partnership's Cross-Motion for Summary Judgment, Supporting Memorandum, and Memorandum in Reply to Motion for Summary Judgment filed by Defendant East Charlotte Drainage District (Doc. #70) is **DENIED.**

3.   Defendant American Citrus Products Corp.'s Motion for Summary Judgment and Supporting Memorandum of Law (Doc. #73) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   27th   day of October, 2008.

_____
**JOHN E. STEELE**
**United States District Judge**

Copies: Counsel of record