UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Williams Farm Partnership,

Plaintiff,

v.

American Citrus Products Corp. and
East Charlotte Drainage District,

Defendants.

Case No. 2:06-CV-519

**MEMORANDUM & ORDER**

---

This matter is before the Court on Defendant East Charlotte Drainage District's ("East Charlotte") Amended Motion for Attorney's Fees and Costs. For the reasons that follow, the Motion is denied.

**BACKGROUND**

Plaintiff filed this lawsuit in federal court, invoking the Court's diversity jurisdiction under 28 U.S.C. §§ 1332. Plaintiff pleaded two causes of action against East Charlotte,[1] both arising solely under Florida law. East Charlotte served a Proposal for Settlement in October 2007 pursuant to Florida Statute § 768.79 and Florida Rule of Civil Procedure 1.442. Plaintiff did not accept East Charlotte's settlement offer. The case was tried to a jury in March 2009. The jury found that East Charlotte had breached an express easement with Plaintiff but that East Charlotte's breach did not cause the damages of which Plaintiff

---

[1] Defendant American Citrus Products Corp. settled its dispute with Plaintiff and is no longer a party to this action.

complained. East Charlotte then moved for attorney's fees as of the date it served its settlement offer on Plaintiff.

**DISCUSSION**

Florida Statute § 768.79(1) provides, in relevant part:

In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability . . . .

Had Plaintiff tried its case in a Florida state court, § 768.79 would clearly entitle East Charlotte to an award of its attorney fees. The question before the Court is whether a federal court, sitting in diversity and deciding only questions of state law, should apply § 768.79 to award East Charlotte its attorney's fees. The Court believes that although § 768.79 applies, East Charlotte is not entitled to its fees in this instance.

A court sitting in diversity applies federal procedural law and state substantive law. See Cambridge Mut. Fire Ins. Co. v. City of Claxton, 720 F.2d 1230, 1232 (11th Cir. 1983) (citing Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)). "This circuit has found § 768.79 to be substantive law for Erie purposes." Jones v. United Space Alliance, LLC, 494 F.3d 1306, 1309 (11th Cir. 2007) (citing cases). East Charlotte made an offer of judgment, which Williams Farm rejected. The jury returned a verdict of no liability. Because the Court was only required to resolve Florida substantive law claims, and because § 768.79 is substantive for Erie purposes, East Charlotte is entitled to its reasonable attorney's fees under § 768.79.

2

See Menchise v. Akerman Senterfitt, 532 F.3d 1146, 1150 (11th Cir. 2008) (holding that § 768.79 applies in Florida's federal courts); Design Pallets, Inc. v. Gray Robinson, P.A., 583 F. Supp. 2d 1282, 1285 (M.D. Fla. 2008).

The Court must still determine what "reasonable" attorney's fees mean in this case. Section 768.79(7)(b) provides some guidance:

> (b) When determining the reasonableness of an award of attorney's fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following additional factors:
> 1. The then apparent merit or lack of merit in the claim.
> 2. The number and nature of offers made by the parties.
> 3. The closeness of questions of fact and law at issue.
> 4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.
> 5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.
> 6. The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.

Plaintiff's claim clearly had some merit, as the jury concluded that East Charlotte breached its express easement with Plaintiff. The case against East Charlotte involved close questions of fact, as the jury found for Plaintiff on the breach claim but for East Charlotte on the issue of causation. Finally, the Court finds that the underlying policy behind § 768.79—to penalize a litigant that unreasonably refuses to settle—would be ill-served by an award of East Charlotte's attorney's fees in this case. See Goode v. Udhwani, 648 So. 2d 247, 248 (Fla. Ct. App. 1994) ("The purpose of section 768.79 was to serve as a penalty if the parties did not act reasonably and in good faith in settling lawsuits."). Plaintiff successfully persuaded the jury that East Charlotte had breached an express agreement,

3

which could have exposed East Charlotte to substantial liability. In light of Plaintiff's success in establishing East Charlotte's breach, the Court cannot say that Plaintiff unreasonably refused to settle the case, even if the jury ultimately found that the breach did not cause Plaintiff's damages. The Court finds that, based on the factors considered above, any award of East Charlotte's attorney's fees under § 768.79 would be unreasonable, and East Charlotte's motion for attorney's fees pursuant to that section must be denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. East Charlotte's Amended Motion for Attorney's Fees and Costs (Docket No. 200) is **DENIED**; and

2. Each party shall bear its own fees and costs.


Dated: Tuesday, June 30, 2009

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge